UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOPE LANDRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2129** |
| **CAPITAL ONE, N.A., ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant, Capital One, N.A. ("Capital One"). Plaintiff, Hope Landry, has filed an opposition.[2] For the following reasons, defendant's motion to dismiss is **GRANTED**.

### *BACKGROUND*

Landry filed this lawsuit alleging that she suffered economic damages, embarrassment, anxiety, mental anguish, and injury to her reputation when she was allegedly wrongfully terminated by her former employer, Capital One.[3] Capital One filed a motion to dismiss Landry's complaint on August 26, 2011, arguing that Landry failed to state a claim upon which relief could be granted because she was an at-will employee.[4] Landry responded that the Family Medical Leave Act ("FMLA") provided an exception to the at-will employment doctrine.[5] This Court granted Landry leave to amend her complaint to state a claim under the FMLA, noting that Landry's complaint provided no facts relating to her status either as (1) an at-will employee or (2) an employee protected by the FMLA.[6]

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 20.
[3] R. Doc. No. 1-1.
[4] R. Doc. No. 3.
[5] R. Doc. No. 7.
[6] R. Doc. No. 9.

1

Landry subsequently filed her First Supplemental and Amending Complaint.[7] The amended complaint provides only the following factual allegations in support of her claims against Capital One:

5.

> Plaintiff was an employee of Capital One Bank from 2005 until August 24, 2011, a period in excess of twelve (12) months and was employed for in excess of 1,250 hours of service during the twelve month period immediately preceding the commencement and was employed where fifty (50) or more employees are employed by the employer within seventy-five (75) miles of that work site.

6.

> On or about August 24, 2010, plaintiff, HOPE LANDRY, was wrongfully terminated for allegedly excessive medical leave by her employer, CAPITAL ONE, N.A., in violation of its own procedural rules.[8]

Landry's amended complaint provides no other facts relating to her allegation that she was terminated in violation of the FMLA.[9]

On November 29, 2011, Capital One filed the present motion to dismiss Landry's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[10] Capital One argues that Landry's allegation that she was terminated for "excessive absenteeism" fails to set forth facts showing that her absenteeism was protected by the FMLA.[11] Capital One also argues that the amended complaint fails to set forth any facts to state a claim for retaliation under the FMLA.[12] Landry filed a response arguing that her allegations sufficiently

---

[7] R. Doc. No. 13.
[8] *Id.*
[9] *See id.*
[10] R. Doc No. 19.
[11] *Id.*
[12] *Id.*

2

state a claim that she was wrongfully terminated for taking allegedly excessive medical leave in violation of the FMLA.[13]

## *LAW & ANALYSIS*

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar

---
[13] R. Doc. No. 20.

to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)).

The FMLA contains two distinct provisions. The first provision creates entitlements or substantive rights that an employer may not "interfere with, restrain, or deny the exercise of, or the attempt to exercise." 29 U.S.C. § 2615(a)(1). The FMLA requires covered employers to provide eligible employees with up to twelve weeks of leave during any twelve-month period, "for one or more of the following:"

> **(A)** Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> **(B)** Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> **(C)** In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> **(D)** Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> **(E)** Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1). "For purposes of FMLA, 'serious health condition' entitling an employee to FMLA leave means an illness, injury, impairment or physical or mental condition that involves inpatient care as defined in § 825.114 or continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. § 825.113(a) (2009).

"The second provision of the FMLA is proscriptive, and protects employees from retaliation or discrimination for exercising their rights under the FMLA." *Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir. 2006) (citing *Nero v. Indus.*

*Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999)). To make a prima facie showing of retaliation under the FMLA, a plaintiff must show that: (1) she was protected under the FMLA; (2) she suffered an adverse employment decision; and either (3a) that she was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because she took FMLA leave. *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 768 (5th Cir. 2001) (citing *Chaffin v. John H. Carter Co., Inc.*, 179 F.3d 316, 319 (5th Cir. 1999)).

The Court finds that the allegations in Landry's amended complaint fail to set forth sufficient facts to state a claim on which relief can be granted based on either an entitlement or retaliation theory. Although paragraph five of Landry's amended complaint may have sufficed to show that she was eligible for FMLA leave,[14] Landry has not set forth any facts showing that her allegedly excessive medical leave was protected under the FMLA. *See Ford-Evans v. United Space Alliance, LLC*, No. 08-20033, 329 Fed. App'x 519, 523, 2009 WL 1344945, at *3 (5th Cir. May 14, 2009) ("[A] plaintiff must first demonstrate that her leave was protected under the FMLA."); *Mauder*, 446 F.3d at 580. Specifically, Landry's complaint does not allege that she requested leave for "one or more" of the reasons listed in the FMLA. *See* 29 U.S.C. § 2612(a)(1). The amended complaint fails to allege whether Landry sought medical leave for a recognized "serious health condition," or whether she sought leave for some other protected reason, such as to care for a newly born or adopted child. Moreover, to the extent that Landry may have sought leave for one or more of these reasons, she has provided no facts showing that such leave was protected under the FMLA. *See D.C. Blues v. City of Hurst*, No. 06-218, 2007 WL 2325201, at *3-4 (N.D. Tex. Aug. 13, 2007) (Means, J.) (dismissing *pro se* complaint for

---

[14] In granting Landry leave to amend, the Court noted that it was not deciding whether such an allegation would suffice to state a claim upon which relief can be granted. R. Doc. No. 9, p.3.

failure to state a claim when plaintiff failed to specify the nature of the "serious health condition" entitling him to leave). Accordingly, the Court finds that Landry's amended complaint fails to raise her right to relief above the speculative level and must be dismissed for failure to state a claim upon which relief can be granted.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and Landry's amended complaint is **DISMISSED** .

New Orleans, Louisiana, January 24, 2012.

                                          **LANCE M. AFRICK**
                                  **UNITED STATES DISTRICT JUDGE**